**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **RAY A. ARDITI,** | : |  |
| *Plaintiff,* | : | **CIVIL ACTION** |
|  | : |  |
| **v.** | : |  |
|  | : |  |
| **POLICE OFFICER RICHARD SUBERS,** | : | **No. 15-5511** |
| **et al.,** | : |  |
| *Defendants.* | : |  |

**MEMORANDUM**

PRATTER, J.                                                                                          JUNE 15, 2016

Plaintiff Ray Arditi alleges that the Defendant Police Officers violated his constitutional rights when they handcuffed and searched him in a McDonald's restaurant parking lot and then proceeded to press charges against him in retaliation for complaining about his treatment.  Chief McGoldrick moves to dismiss two counts in Mr. Arditi's Third Amended Complaint, arguing that Mr. Arditi has failed to allege that he (Chief McGoldrick) was personally involved in those alleged violations.  Mr. Arditi opposes the motion.  Because Mr. Arditi has not alleged any actions by Chief McGoldrick before or during the incident in question, or even that Chief McGoldrick's knew about the incident before Mr. Arditi complained about it, the Court will grant the McGoldrick motion.

**BACKGROUND**

In his Third Amended Complaint,[1] Ray Arditi alleges that he was at a McDonald's restaurant on May 31, 2015.  He told an acquaintance that another individual in the restaurant,

---

[1] Mr. Arditi agreed to amend his original Complaint after certain defendants filed a motion to dismiss.  He filed a First Amended Complaint, dropping a *Monell* claim, but leaving his other claims intact.  He then filed a Second Amended Complaint to substitute various officer defendants for John Does, but did not

Catherine Herbert, stole his wallet at some point in the past, and that she and another patron, Paul Mick, had attempted to use his (Mr. Arditi's) credit cards to make online purchases. Ms. Herbert allegedly overheard these comments and became agitated, threatening suicide. She also called 911.

When Mr. Arditi finished eating, he left the restaurant to walk to his car and saw several officers in the parking lot. The officers then handcuffed him "for no reason" for 5-7 minutes, and applied the handcuffs so tightly that Mr. Arditi needed medical treatment. One officer, who Mr. Arditi believes was Officer Young, pointed a taser at Mr. Arditi and screamed that he was resisting and being a terrorist, which Mr. Arditi claims he was obviously not. While this happened, another officer retrieved Mr. Arditi's car keys from his pocket and searched his car. Mr. Arditi eventually was released without being charged with any criminal conduct.

The next day, Mr. Arditi went to the police department to complain about his treatment. He claims that Chief McGoldrick denied him access to a police report and threatened to issue a criminal summons if he complained. Mr. Arditi subsequently received a criminal summons from Officer Subers, charging him with disorderly conduct. Those charges were dismissed because the police officers failed to appear at a hearing on the charges.

In Count One, Mr. Arditi claims under § 1983 that all Defendants violated his Fourth and Fourteenth Amendment rights by illegally searching his car and seizing him. More specifically, he alleges that the Defendant Police Officers were all personally involved in the illegal search and seizure, and that Defendant Police Chief McGoldrick "acted and/or failed to act and that allowed the present and continued infringement of Constitutional violations to occur by threatening those who complain, such as Plaintiff, and failing to investigate or reprimand

---

change any of the substance of his claims in so doing. In the face of three more motions to dismiss, Mr. Arditi sought and was granted permission to file a Third Amended Complaint.

subordinate officers."  In Count Two, he claims under § 1983 that all Defendants violated his Fourth and Fourteenth Amendment rights by using excessive force against him, and he restates allegations concerning Chief McGoldrick similar to the language quoted above.  In Count Three, Mr. Arditi claims that Defendants Subers and McGoldrick maliciously prosecuted him in violation of Pennsylvania law.  In Count Four, Mr. Arditi claims Defendants Subers and McGoldrick conspired under 42 U.S.C. § 1983 to bring criminal charges in order to intimidate him and deter him from complaining of illegal conduct.

Chief McGoldrick moves to dismiss the first two counts, arguing that he was not present at the McDonald's and, accordingly, cannot be held liable for any alleged violations that took place there, before he (Chief McGoldrick) even knew of Mr. Arditi.  Mr. Arditi opposes the motion.

LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to 'give the defendant fair notice of what the...claim is and the grounds upon which it rests,' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.*

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The question is

not whether the claimant "will ultimately prevail...but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (citation and internal quotation marks omitted).  Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters.  For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.").  Also, the Court must accept as true all reasonable inferences emanating from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party.  *See Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).  That admonition does not demand that the Court ignore or disregard reality.  The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678; *see also Morse v. Lower*

*Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions" (citations omitted)).

## DISCUSSION

Chief McGoldrick argues that Mr. Arditi has not alleged that he was personally involved in any aspect of the McDonald's parking lot confrontation, and that therefore those counts must be dismissed as to him because a civil rights claim cannot be based solely on supervisory liability.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.").  Mr. Arditi argues that he need not allege that Chief McGoldrick was present at the McDonald's incident because he has alleged that Chief McGoldrick ignored his later complaints and initiated malicious prosecution against Mr. Arditi, which was intended to stymie legitimate complaints and indicates that Chief McGoldrick does not supervise his officers.  He argues that he has alleged actual knowledge and acquiescence because Mr. Arditi himself told Chief McGoldrick about the confrontation at McDonald's and Chief McGoldrick threatened prosecution rather than respond to legitimate complaints.

The cases cited by Mr. Arditi himself demonstrate that a plaintiff must show an "affirmative link" between the misconduct and the supervisor's authorization or approval of the misconduct, *see Rizzo v. Goode*, 423 U.S. 362, 371 (1976).  Mr. Arditi has not pleaded any causal link between Chief McGoldrick's actions and the actions of the officers in the McDonald's parking lot.  *See also Doe v. Taylor Ind. Sch. Dist.*, 15 F.3d 443, 457 (5th Cir. 1994) (refusing to hold a defendant liable for constitutional violations that occurred before he had knowledge of his subordinate's actions) (cited by Mr. Arditi).  Accepting Mr. Arditi's allegations

as true, at most, Mr. Arditi has alleged that Chief McGoldrick committed additional violations in the days following the incident, but nothing in the Third Amended Complaint supports the argument that Chief McGoldrick did anything to cause the McDonald's incident, let alone that he was even aware of it before Mr. Arditi brought it to his attention the next day.  Thus, the Court will grant Chief McGoldrick's motion and dismiss Counts I and II as to Chief McGoldrick only.

CONCLUSION

For the foregoing reasons, the Court will grant Chief McGoldrick's Motion to Dismiss. An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge